MANUEL DO REGO *v.* H. OYAGI AND KAILI HALAMA.

No. 1154.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT. HON. L. L. BURR, JUDGE.

SUBMITTED APRIL 4, 1919.                    DECIDED APRIL 24, 1919.

COKE, C. J., KEMP AND EDINGS, JJ.

ADVERSE POSSESSION.

Where the possession has been open, exclusive and uninterrupted for the period prescribed by the statute of limitations to bar an action for the recovery of land there is a legal presumption of a deed.

OPINION OF THE COURT BY EDINGS, J.

This is an action of ejectment in which the plaintiff seeks to recover a certain piece or parcel of land known as apana 3, R. P. 3102, L. C. A. 6720B to Nahelu, situate in the ahupuaa of Kaonoulu, Kula, Maui, and particularly described by metes and bounds in his complaint. By stipulation the case was tried by the court jury waived.

The defendant Kaili Halama claimed the said property by adverse possession. The defendant H. Oyagi disclaimed any interest in the land except as a tenant of the defendant Halama. At the conclusion of the trial the court found "from the evidence that one Nahelu obtained the land by Royal Patent 3102, dated August 7th 1856; that Nahelu had three children: John Kalua Nahelu, Isaia Nahelu, and Kaipo (w) Nahelu, who were his heirs at law and who inherited the said property; that Isaia Nahelu conveyed his one-third interest in said property to David K. Eldridge, of Waiakoa, Kula, County of Maui, on June 5, 1885, and that the said David K. Eldridge in turn con-

veyed his interest in the said property to Manuel do Rego, the plaintiff herein, by deed dated June 17, 1916; and that Joseph J. Fern, one of seven living children, descendants of said Kaipo, the daughter of Nahelu, conveyed all of his—the said Joseph J. Fern's—interest in said property to the said Manuel do Rego, plaintiff herein, by deed dated October 16, 1915; that by virtue of said deeds the plaintiff herein clearly has title to 16/21 parts of said property" (which said proportion of the property so found and awarded to plaintiff, we may remark parenthetically, is mathematically incorrect according to any interpretation of the evidence); that "Halama, the father of Kaili Halama, one of the defendants herein, went on the property in question over thirty years ago and built a house thereon, which house is still standing. He lived on the property until his death, which occurred some time in 1908. There is no evidence showing under what conditions Halama went on the said property, as lessee or otherwise;" that neither of the defendants has "established title to the said property by adverse possession or otherwise."

There were several exceptions taken by the defendant-appellant and embodied in his bill of exceptions, all of which have been duly considered by this court, but a statement of the conclusions reached by this court thereon is unnecessary as no new principles of law are involved and the decision of this court upon the exception numbered 6, viz., "that said decision of the court was contrary to law, the evidence and the weight of evidence," will be conclusive of the case.

A synopsis of the evidence introduced on the trial by the defendant-appellant is as follows: Mr. Charles Wilcox testified that he knew the property in question; that it adjoins his wife's property; that Halama, the father of Kaili Halama (defendant), occupied the premises since 1884; built the house upon them and lived there with his

wife and children until he died some ten years back; since Halama's death Kaili has been living on the premises; Halama lived there as though he owned them—the premises were his; the property around the house is not fit for cultivation; it is just the top of an old fish pond stone wall; nothing could grow there; back of the house there used to be a pond but it is filled with sand; the house occupies nearly the whole lot (2770 sq. ft.). Sam Kuula testified that when he came to Maui in 1895 Halama was living on the place and continued to live there until he died; that after his death his boy Kaili lived in the house; that you cannot plant trees or anything else on the place. Sam Lono testified that Halama lived on the premises and built a house there; that after Halama died Kaili occupied the premises; that he heard from Halama himself thirty years ago that he owned the premises; that he knew Nahelu (the patentee); that he, Nahelu, never lived on the place, but lived about two hundred yards above the place; that he, Lono, was born there, and that Halama had married his (witness') sister. Oyagi, one of the defendants, testified that he made an agreement with Halama to have one room in his house; that he lived there eleven years, paying $2.50 a month for the room; that after Halama died he made an agreement with Kaili for the house, and occupied it as his tenant paying him fifty dollars a year rent; that at the time he rented the room from Halama he, Halama, told him he was the owner of the place; that after the death of Halama, Kaili told him he was the owner of the place and witness paid rent to him. Kaili Halama, the defendant, testified that his father, Halama, owned the premises; that he died in 1908 in the house; that he, Halama, told him the place was his; that he had been paying taxes on it right along; that he, Halama, built the house and lived there with his family until he died; that after his (Halama's) death witness continued to live there,

afterwards renting the place to Oyagi, who has been his (witness') tenant ever since, paying rent to him.

This evidence is uncontradicted and if it does not establish title by adverse possession in Halama, the ancestor of the defendant Kaili Halama, it is difficult to conceive a state of facts which, under the circumstances, would. The enjoyment of a corporeal hereditament, exclusive and uninterrupted for the time prescribed by the statute of prescription, is a legal presumption of a grant, not a tenancy.

Where the possession has been actual, open, and exclusive for the period prescribed by the statute of limitations to bar an action for the recovery of land, the presumption of a deed is conclusive. *Fletcher* v. *Fuller*, 120 U. S. 534; Chamberlayne, Evidence, Sec. 1163.

The exception is sustained, the decision reversed and the cause remanded to the circuit court for further action not inconsistent with this opinion.

*Crockett & Crockett* and *E. R. Bevins* for plaintiff.

*Enos Vincent* for defendant Halama.